UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CEMENT MASONS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>RICHARD RAY GARCIA, et al.,<br><br>        Defendants. | Case No.  14-cv-03281-JCS<br><br>**ORDER FOR ADDITIONAL MATERIALS IN SUPPORT OF DEFAULT JUDGMENT MOTION** |

At the Motion hearing on Plaintiffs' Motion for Default Judgment, the Court asked Plaintiffs to provide supplemental materials in support of the currently pending motion for default judgment ("the Motion"), including copies of the contribution reports for the months at issue, as well as specific information reflecting all amounts due and partial payments in connection with Plaintiffs' interest calculations.  The Court has reviewed Plaintiffs' supplemental materials and finds the following deficiencies: 1) Plaintiffs have failed to provide any contribution reports for the month of December 2013, even though the Supplemental Declaration of Jennifer Peters in Support of Plaintiffs' Motion for Default Judgment ("Peters Supp. Decl."), states that Plaintiffs received reports for that month on January 23, 2014 and February 7, 2014, *see* Peters Decl. ¶ 12 & Ex. C thereto; 2) For the month of January 2014, the Peters Supp. Decl. states that Plaintiffs received a report on March 20, 2014 and a supplemental report on March 21, 2014;  however, only a single contribution report was provided for January 2014 and it appears to be stamped "Received February 4, 2014, *see* Peters Decl. ¶ 13 & Ex. C; 3)  the starting amounts due on the charts showing amounts due and partial payments for the months of September 2013, November, 2013 and January 2013, as reflected in the Peters Supp. Decl. Exs. E, F and H, are significantly higher than the amounts due listed on the contribution reports provided for those months and Plaintiffs

have offered no evidence or explanation for the discrepancy. (The Court is unable to verify whether the amounts due for December 2013 that are listed in Peters Supp. Decl. Ex. G correspond to the amounts in the contribution report for that month because, as noted above, Plaintiffs failed to provide any contribution reports for that month). As a result of these deficiencies, the Court is unable to determine the amount of unpaid contributions owed by Defendants or to verify that Plaintiffs' calculation of interest is correct.

Accordingly, Plaintiffs shall provide to the Court, within fourteen (14) days of the date of this order, *all* contribution reports for the relevant months. If Plaintiffs are seeking amounts that exceed the contributions reflected in the contribution reports, they shall provide an explanation of how they arrived at these amounts, along with any supporting evidence of the amounts. Alternatively, Plaintiffs may provide an amended calculation of outstanding contributions and interest (and, if applicable, liquidated damages) that is consistent with the amounts reflected in the contribution reports.

**IT IS SO ORDERED.**

Dated: March 20, 2015

_____
JOSEPH C. SPERO
United States Magistrate Judge